BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN VERGNE, Defendant and Appellant, and FÉLIX COLÓN, Defendant.

No. 5389. Argued November 24, 1931.—Decided July 29, 1932.

*A. Reyes Delgado* for appellant. *R. Agrait Aldea* and *Luis Ríos Algarín* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This was a suit on a promissory note which purported to be signed by Ramón Vergne and Félix Colón. Judgment was obtained against both promisors, but only Ramón Vergne appealed.

The appellant admitted that his was the signature to the document. The principal defense was that he signed a note in blank for another purpose; likewise that the document was fraudulently used against him.

The court examined the evidence, and found that the note was a renewal of a previous one of similar character signed by the defendants.

As to the signing in blank to be used for another purpose, the court held and cited authorities to the effect that it was the duty of the person signing in blank to show fraud or

the like in the use of the note and that without negligence on his part he was induced to sign. We agree with the court that the defendant was bound to prove fraud and absence of negligence. See note in 35 L.R.A. (N.S.) 776, cited by the court. There was no proof of fraud. On the contrary, the evidence tended to show the existence of a previous obligation or obligations on the part of the defendant. This disposes of the assignments of error on the merits.

The appellant assigns other errors which appellee does not discuss. Whatever error there was, if any, in permitting a witness to declare about a demand on the defendant Vergne was harmless.

Having admitted his signature, the note signed by him and in possession of another was *prima facie* admissible in evidence.

Another assignment of error is on the admission of secondary evidence to show some of the previous transactions. The evidence tended to show, however, without objection, that the defendant had signed a previous obligation of the same character. Thus the admission complained of, if error, was harmless.

Similarly the refusal to admit the affidavit of the plaintiff in obtaining a former suspension of the trial was harmless. This affidavit alleged that certain witnesses were essentially important. The defendant did not lay a basis for any contradiction, one of the exceptions to the hearsay rule, supposing that the offered evidence did in fact contradict some of the witnesses of the plaintiff.

In the same connection, the failure of a party to produce a certain witness is a fact that may raise a presumption against the said party. However, this presumption is controvertible and certainly the failure to produce the other defendant could hardly be considered as a suppression of evidence. The affidavit did not say, as suggested by defendant, that the testimony of said witnesses was all of the case

of the plaintiff. The suppression of evidence goes to the weight of the total proof and a court may render judgment for a party failing to produce evidence despite the suppression.

We find no prejudice or error, and the judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.